126 July 1, 2026 No. 600

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER ALMON WINN,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR14136; A185554

Michael A. Greenlick, Judge.

Submitted May 8, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for one count of second-degree assault, ORS 163.175, and one count of fourth-degree assault, ORS 163.160. On appeal, in his only assignment of error, defendant contends that the "trial court erred when it declined to instruct the jury on less-satisfactory evidence." And, more specifically, that the trial court erred when it declined to give Uniform Criminal Jury Instruction (UCrJI) 1030.[1] Reviewing for legal error, *State v. Payne*, 366 Or 588, 607, 468 P3d 445 (2020), we affirm.

Defendant's argument on appeal as to why the trial court erred rests on the premise that under ORS 10.095(7) and (8) "a party is entitled to the less-satisfactory evidence instruction" whenever the record permits a finding that "(1) other evidence was reasonably available to the opposing party on a fact at issue, and (2) the other evidence was stronger and more satisfactory than the evidence that the opposing party offered." But, as defendant's briefing acknowledges, we rejected the same argument in *State v. Wildeboer*, 338 Or App 404, 566 P3d 1149, *rev allowed*, 374 Or 188 (2025). *See id.* at 418 (concluding, among other points, that "the presumption in ORS 10.095(8) does not apply when the state failed to gather 'superior and more satisfactory evidence' for a legitimate reason, unrelated to a desire to suppress unfavorable evidence").

Further, in *Wildeboer*, we concluded that UCrJI 1030—the same instruction at issue in this appeal—"was not legally correct," and therefore the trial court did not err in declining to give it. *Id.* at 418. For that reason too, the trial court did not err in declining to give it. *Id.*

Affirmed.

---

[1] That instruction provides:

"The state has the burden to establish the guilt of the defendant beyond a reasonable doubt. When you evaluate the state's evidence, you may also consider the power of the state to gather and produce evidence. If the evidence offered by the state was weaker and less satisfactory than other stronger or more satisfactory evidence that the state could have offered, then you should view the weaker and less satisfactory evidence with distrust."